Hassan Ali 30380-057
Name and Prisoner/Booking Number

USP Lee
Place of Confinement

P.O. Box 305
Mailing Address

Jonesville, VA 24263
City, State, Zip Code

RECEIVED
SEP 02 2021
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

FILED
SEP 02 2021
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Hassan Ali                    )
(Full Name of Plaintiff)      )
                 Plaintiff,   )
                              )
         v.                   )    CASE NO. 1:21-CV-01325-SAB(PC)
                              )         (To be supplied by the Clerk)
(1) Ian Connors           ,   )
(Full Name of Defendant)      )
(2) C. Cervantes          ,   )
                              )    **CIVIL RIGHTS COMPLAINT**
(3) Gene Beasley          ,   )    **BY A PRISONER**
                              )
(4) Warden U.S.P. Atwater ,   )    ☐ Original Complaint
                 Defendant(s).)    ☐ First Amended Complaint
                              )
☐ Check if there are additional Defendants and attach page 1-A listing them. ) ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
        ☐ Other: _____

2.   Institution/city where violation occurred: U.S.P. Atwater   Atwater, CA

Revised 3/15/2016                        1

## B. DEFENDANTS

1. Name of first Defendant: _Ian Connors_. The first Defendant is employed as:
_Administrator National appeals_ at _Central Office, B.O.P_.
(Position and Title)                                            (Institution)

2. Name of second Defendant: _C. Cervantes_. The second Defendant is employed as:
_DHO officers_ at _USP Atwater_
(Position and Title)                                            (Institution)

3. Name of third Defendant: _Gene Beasley_. The third Defendant is employed as:
_Regional Director_ at _Western Regional office_.
(Position and Title)                                            (Institution)

4. Name of fourth Defendant: _USP Atwater Warden_. The fourth Defendant is employed as:
_Warden_ at _USP Atwater_
(Position and Title)                                            (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? _1_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _Hassan Ali_ v. _Caraway et al._
      2. Court and case number: _USDC Western District of Louisiana No.1:20-cv-880_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Appeal._
      _~~docketed~~ NO. 21-30064_.

   b. Second prior lawsuit:
      1. Parties: _HASSAN ALI_ v. _Unknown Defendant, et al._
      2. Court and case number: _USDC Western District of Louisiana No.1:19-cv-1387_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Dismissed_
      _with prejudice._.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _Due Process_

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Mail             ☐ Access to the court      ☐ Medical care
   ☒ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   On 11-02-2019 Warden's staff at USP Atwater wrote me a false incident report for retalitory reason. See exhibit A1. On 11-04-2019, DHO officer C. Cervantes violated my due process right by deceiving me into waiving those rights. Without such deception I would have had the opportunity to present exculpatory witnesses and video evidence to prove incident report false. Gene Beasley's regional appeal response, does not coincide with the facts and affirms DHO. See exhibits A2, A3, A7, A8, and A9. Ian Connor's response to my central office appeal also affirms regional and DHO's decisions. See exhibits A10, A11 and A12. Please also see all the records and supporting facts included in exhibits A1 - A12.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   Lost 27 good time days, 15 days in th SHU, 90 days loss of Commissary, 90 days loss of visit and impound of personal property for 30 days.

5. **Administrative Remedies:**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes  ☐ No

   b. Did you submit a request for administrative relief on Claim I?   ☒ Yes  ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level?   ☒ Yes  ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: <u>Due Process</u>

2. **Claim II.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☒ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On 10-25-2019 Warden's staff at USP Atwater wrote me a false incident report. On 11-04-2019, DHO officer C. Cervantes and my staff representative violated my due process right during my DHO proceeding. See exhibits B3, B4, B5, B6, B7, B8 and B9. Without such violations I would have had exculpatory evidence. Gene Beasley's regional appeal response does not coincide with facts and affirms DHO. see exhibits B10, B11 and B12. Ian Connor's response to my central office appeal was that my appeal was untimely. see exhibits ~~B20, B19, B18, B17, B16, B15, B14~~ B18, B17, B16, B15, B14. However, that was not true. See exhibit B13. Based on the record and staff written memo (exhibit B13) untimely appeal filing to central office appeal was Due to B.O.P's own staff fault but Ian connor failed to excuse. and Thus affirm the DHO and regional appeal decisions. Please also see all the records and supporting facts included in exhibits B1-B20.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Loss of 27 good time days. 15 days in the SHU. 90 days loss of commissary. impound of personal property for 30 days. $20.00 fine.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

# CLAIM III

1. State the constitutional or other federal civil right that was violated: _____ _____ .

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____ .

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim III?    ☐ Yes   ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?    ☐ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____ .

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Incident reports to be expunged or at the least new DHO hearings ordered. Also to have all court fee in connection with filings paid by defendant(s).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _8/27/2021_ ᴴᴿ                  _Yassar al._
　　　　　　　　DATE                              SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Exhibit

A1 – A12

A1

**INCIDENT REPORT**

BP-A0288
Jan 17
U.S. DEPARTMENT OF JUSTICE

**FEDERAL BUREAU OF PRISONS**

Part I - Incident Report

| | | Incident Report Number: 3323453 |
|---|---|---|
| 1. Institution: USP ATWATER | | |

| 2. Inmate's Name<br>Ali, Hassan Sharif | 3. Register Number<br>30380-057 | 4. Date Of Incident<br>11-2-19 | 5. Time<br>11:35 AM |
|---|---|---|---|

| 6. Place Of Incident<br>SHU Cell 235 | 7. Assignment<br>SHU UASSG | 8. Unit<br>2-B |
|---|---|---|

| 9. Incident<br>Interfering with a security<br>devise, Refusing to obey an<br>order of staff | 10. Code:<br>208, 307 |
|---|---|

11. Description of Incident (Date: 11/2/2019 Time: 11:35 AM Staff become aware of incident)

On November 2, 2019 at approximately 11:35 a.m. while picking up meal tray in Special Housing Unit Range D cell 235 Ali, Hassan Sharif Registration No. 30380-057 stuck his right arm out of the trap demanding to be moved from his cell. I then gave inmate Ali a direct order to put his arm back inside his cell, but did not cooperate to put his arm back inside the cell and refused my orders. At this time staff then advised Operations Lieutenant over current situation.

I identified inmate Ali, Hassan Sharif Registration number 30380-057 through TRUSCOPE and unit bed book cards.

This incident report is a re-write, completed on 11/3/19 at 10:50 AM

| 12. Typed Name/Signature Of Reporting Employee<br>J. Amador | 13. Date And Time<br>11/3/19 10:50 AM |
|---|---|

| 14. Incident Report Delivered To Above Inmate By<br>(Type Name/Signature)<br>C. Frell | 15. Date Incident<br>Report<br>Delivered<br>11-03-2019 | 16. Time Incident<br>Report<br>Delivered<br>1909 |
|---|---|---|

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

| 18. A. It Is The Finding Of The Committee That You:<br>_____ Committed The Following Prohibited Act.<br><br>_____ Did Not Commit A Prohibited Act.<br><br>_____ Committed Prohibited Act   Code(s)_____ | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.<br>C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 20 Calendar Days. |
|---|---|

19. Committee Decision Is Based On Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

ALI'S Written Statement



A2

<u>Inmate Statement:</u>

First and foremost, I did not refuse to obey an order of staff J. Amador, or interfer with a security devise. Officer Simpson asked me to let my hand off the trap in which I responded by informing Simpson, in the presense of Amador, that I was in fear of threat on my life because me and my cellie just had a fall-out and needed to be moved out. Identifying I had a safety concern, both officers left to notify Lieutenant on duty. Lt. Kaleta came and I explained to him the same and simpson closed the trap. In any event, Lt. Kaleta, instead of addressing the situation, stated that he "will not move [me] until an incident actually occur[red]" between me and my cellie and left – Treating the threat I felt on my life meaningless. In fear, I didn't know what to do. To aviod any problems at the time, I assured my cellie that I was going to do whatever it took to be moved out of the cell. Feeling helpless, I had a psychological breakdown. Case Manager Padgett (1-A) came to speak with me and stated that he "will try to help [me] get moved" and asked my cellie to "stand down" and let him see what he could do. Soon after, Lt. Davis came to speak with us and ordered officers to remove me from that cell and place me in another. I explained to both case manager M. Padgett and Lt. Davis what had occured prior to them coming. Also, video surveillance and my witnesses will confirm my account of this incident. Additionally, the intial incident report was never delivered to me and the current incident report was delivered to me passed 24hrs. after the alleged incident occured.

Based upon the stated facts, circumstances, and staff's failure to comply with the BOP regulations and Disciplinary Procedures and Pursuant to P.S. 541.5 – This incident report is unwarranted and should be expunged from the record.

(Pg. 2)

A3

Inmate Request:

Staff Rep. Case Manager M. Padgett

Staff witnesses:
   Lt. C. Davis
   Case Manager M. Padgett

Inmate witness:
   Jesse Brewer

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT   CDFRM

**FEDERAL BUREAU OF PRISONS**

**U.S. DEPARTMENT OF JUSTICE**

| | |
|---|---|
| Institution: USP Atwater | Incident Report Number: 3323453 |
| Name Of Inmate: ALI, Hassan | REG.NO.: 30380-057   Unit: 2B |
| Date of Incident Report: 11/03/2019 (REWRITE) | Offense Code: 208, 307 |

Date of Incident: 11/02/2019

Summary of Charges:
INTERFERING WITH A SECURITY DEVICE, REFUSING TO OBEY AN ORDER OF STAFF

I.  NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on
   (date)   11/03/2019   at (time)   1909   (by staff member)   C. Foell

B. The DHO Hearing was held on (date)   11/04/2019   at (time)   1120

C. Inmate was advised of the rights before the DHO by (staff member)   S. Lyons
   on (date)   11/04/2019   and a copy of the advisement of rights form is attached.

II.  STAFF REPRESENTATIVE

A. Inmate waived right to staff representative.  Yes   ✓   No _____

B. Inmate requested staff representative and   N/A   appeared.

C. Staff Representative's Statement:
   N/A

D. Requested staff representative declined or could not appear but inmate was advised of
   option to postpone hearing to obtain another staff representative with the result that:
   N/A

E. Staff representative   N/A   was appointed.

III.  PRESENTATION OF EVIDENCE

A. Inmate denies the charges(s).

B. Summary of Inmate Statement:
   "I put my arm out to get staff's attention. My cellie and I was not getting along. I needed to be moved."

C. Witnesses:

   1. Inmate waived right to witnesses.  Yes   ✓   No _____

   2. The following persons were called as witness at this hearing and appeared (Each
      witness name and statement listed below):
      N/A

   3. The following persons requested were not called for the reason(s) given (Each witness
      name and statement listed below):
      N/A

   4. Unavailable witnesses were requested to submit written statements and those statements
      received were considered (Each witness name and statement listed below):
      N/A

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO
   considered the following documents:
   Quarters assignment history

E. Confidential information was used by DHO in support of his findings, but was not revealed
   to the inmate. The confidential information was documented in a separate report. The
   confidential information has been (confidential informants have been) determined to be
   reliable because:
   N/A

IV.    FINDINGS OF THE DHO

_____ A. The act was committed as charged.            _____ C. No prohibited act was committed:

___✓___ B. The following act was committed:                Expunge according to Inmate
                                                            Discipline PS.

CODE 208- BLOCKING A LOCKING DEVICE

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO ensured the inmate understood his due process rights. The DHO confirmed the inmate received a copy of his incident report, did NOT want to call any witnesses, did NOT want a staff representative, and DID have a written statement as documentary evidence to submit to the DHO. The inmate appears to have originally requested a witness (Case Manager M. Padgett) per the BP-294 form, though it also included a check mark noting that the inmate did not wish to have witnesses. Therefore, prior to the disciplinary hearing, the inmate stated that he no longer wanted a witness for his disciplinary hearing and VOLUNTARILY chose to proceed with the disciplinary hearing without a staff representative or any witnesses. This was noted on the BP-294 form. The inmate also VOLUNTARILY signed a Waiver of 24 Hour Notice so that his disciplinary hearing could be conducted less than 24 hours after the inmate received a copy of the incident report. The inmate was prepared to proceed with the disciplinary hearing.

The DHO finds that inmate ALI, Hassan, Reg. No. 30380-057, committed the prohibited act of Interfering With/Blocking a Locking/Security Device (Code 208). The DHO finds that ALI did not commit the prohibited act of Refusing to Obey an Order (Code 307). Based on the circumstances of the incident, the DHO feels that this charge is largely duplicative to Code 208.

The DHO primarily relied on the officer's written report and the inmate's quarters assignment history. The officer's written report states, "On November 2, 2019 at approximately 11:35 a.m. while picking up meal tray in Special Housing Unit Range D cell 235 Ali, Hassan Sharif Registration No. 30380-057 stuck his right arm out of the trap demanding to be moved from his cell. I then gave inmate Ali a direct order to put his arm back inside his cell, but did not cooperate to put his arm back inside the cell and refused my orders. At this time staff then advised Operations Lieutenant over current situation.
I identified inmate Ali, Hassan Sharif Registration number 30380-057 through TRUSCOPE and unit bed book cards.
This incident report is a re-write, completed on 11/3/19 at 10:50 AM"
ALI'S quarters assignment history confirms that he was assigned to Cell 235 in Special Housing Unit, which is where the incident occurred.

The DHO also considered the inmate's verbal statement during the disciplinary hearing. During the DHO hearing, ALI stated, "I put my arm out to get staff's attention. My cellie and I was not getting along. I needed to be moved.". The DHO considered ALI'S exculpatory statement that he put his arm out (of the food slot) to get staff's attention, but this is not a valid reason to block staff from securing the food trap. Further, the incident report does note that ALI requested to be moved from the cell while he stuck his right arm out through the food trap. However, there is no evidence that ALI indicated to staff that he and his cell mate were not getting along, or that his safety was in jeopardy.

The DHO also considered ALI'S written statement he submitted to the DHO. In the written statement, ALI claims he did not refuse the reporting officer's order of interfere with a security device. ALI claims Officer Simpson asked ALI to let his hand off the trap. ALI states that he responding by informing Officer Simpson (in the presence of the reporting officer) that he was in the fear of his life because he had a fall-out with his cell mate and needed to be moved out. ALI states that the officers left to notify Lieutenant Kaleta. ALI claims he explained the situation to Lt. Kaleta and Officer Simpson closed the trap. ALI claims that instead of addressing the situation, he stated that ALI and his cell mate would not be moved until and incident actually occurred between them. ALI claims that he told his cell mate he would do whatever he can to get moved from the cell. ALI claims that he felt helpless and had a psychological breakdown. ALI states that Case Manager Padgett came by, spoke to ALI and told ALI he would try to get ALI moved. ALI states that Case Manager Padgett also told ALI'S cell mate to "stand down". ALI then states that Lieutenant Davis arrived, talked to ALI and his cell mate and ordered the officers to remove ALI from the cell. In the written statement, ALI also argues that the incident report was not delivered to him within 24 hours of when the incident occurred. ALI requests the incident report be expunged based on the above arguments. The DHO considered ALI'S exculpatory argument that he held the food trap because he felt his life was in danger. However, ALI could have utilized the cell duress button if he felt his life or safety were in danger, instead of sticking his arm out through the food trap. There is no evidence that ALI spoke to Lieutenant Kaleta and Lieutenant Davis in regards to his concern. The DHO noted that the incident report was not delivered within 24 hours of staff becoming aware of the incident. However, per Section 25 of the investigation page of the incident report, the delivery of the DHO report was delayed due to a suspension (of the incident report) pending a rewrite. A copy of the original version of the incident report shows that the incident report given to ALI was actually a rewritten

version of it. The Lieutenant suspended the disciplinary process until the reporting officer made the corrections on the incident report. Following that, ALI was given a copy of the incident report. ALI VOLUNTARILY signed a Waiver of 24 Hour Notice to proceed with the disciplinary hearing less than 24 hours after he received a copy of the incident report.

Based upon the greater weight of the evidence (the officer's written report and the inmate's quarters assignment history) the DHO is convinced that inmate ALI, Hassan, Reg. No. 30380-057, committed the prohibited act of Interfering With/Blocking a Locking/Security Device (Code 208).

VI.    SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act)
DIS GCT 27 DAYS
DS 15 DAYS
LP COMM 90 DAYS
LP VISIT 90 DAYS
IMPOUND OF PERSONAL PROPERTY 30 DAYS

VII.    REASON FOR EACH SANCTION OR ACTION TAKEN
CODE(s): 208- Possession of any unauthorized locking device, or lock pick, or tampering with or blocking any lock device (includes keys), or destroying, altering, interfering with, improperly using, or damaging any security device, mechanism, or procedure

Any action on the part of an inmate to interfere with or block a locking/security device jeopardizes the security and orderly running of the institution. Sanctions listed above were imposed in an effort to impress on you the gravity of your actions and hopefully deter you from such actions in the future.

Program Statement 5270.09, Inmate Discipline, states that after careful consideration of all relevant factors, the DHO may impose a loss of privilege sanction not directly related to the offense, provided there is a belief that the imposed sanction is viewed as having a significant impact on the inmate's future behavior. The DHO believes that other sanctions will/ have been futile or have had insufficient impact on your behavior. Therefore, the DHO has imposed sanctions in an effort to deter your behavior.

The loss of privileges are punitive sanctions administered in an effort to impact and/or discourage any future disruptive behavior. These disciplinary sanctions administered are done so in proportion to the frequency and severity of the prohibited act code violation committed and are in compliance with guidelines set forth in P.S. 5270.09 Inmate Discipline.

VIII.    APPEAL RIGHTS    YES    The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.    Discipline Hearing Officer

| Printed Name C. CERVANTES | Signature | Date 11/25/19 |

| DHO Report Delivered to Inmate by: | | |
| L. Chavez | | 11/28/19  10:20 |
| Printed Name of Staff | Signature of Staff | Date and Time Delivered |

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

A7

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ALI   HASSAN   S.     30380-057   2-B     USP Atwater
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** Ali raises 3 issues : 1) Whether the DHO substantially complied with regulations on inmate discipline? 2) Whether the DHO based its decision on facts? If there is conflicting evidence, whether the decision was based on the greater weight of the evidence? 3) Whether the decision on sanction was appropriate for the prohibited act and other relevant circumstances? (Additionally DHO did nothing to look into this incident. DHO claims "Ali could have Utilized the cell duress button" However, Ali did use the duress botton. Watching the video surveillance would reveal the nomurous times staff kept returning to Ali's cell until he was moved by Lt. Davis. Video evidence would also show that Ali did talk to LT. Davis and Lt. Kaleta) see Attachment continuation

12-06-2019                                    Hassan Ali
_____                          _____
DATE                                   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                          _____
DATE                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                    CASE NUMBER: 1003937-R1

**Part C - RECEIPT**                              CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                          _____
DATE                                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                        BP-230(13)
                                                               JUNE 2002

1003938-R1
USP LEE

You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on November 4, 2019, in which you were found to have committed the prohibited act of Fighting with another Person, Code 201, while designated at USP Atwater. You make various claims addressed below. For relief, you request the incident report be expunged from your record, your custody classification recalculated and for a transfer closer to your family.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses. You invoked our right to a staff representative and there review of video footage was entered into the record with their statement at the hearing. You invoked your right to call witnesses; however, the DHO deemed the witness's presence would pose a significant safety and security concern. Your witness was directly involved and testimony included within the SIS report was considered in lieu of their presence. You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. Your statement is reflected in the DHO report and your written statements were considered as documentary evidence by the DHO.

The DHO report clearly indicates the basis for the finding you committed the prohibited acts and explains the purpose of imposing the sanctions which are within policy.

Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. It is apparent that the DHO found you guilty based on the greater weight of the evidence. Evidence weighed against you included the account of the reporting officer statement, photographic evidence, medical assessments and other documentary evidence contained in the discipline packet. Such evidence supports the fact that on date, time and place in question, staff observed you engaged in a physical altercation with another inmate in the 2B housing unit. This evidence, coupled by your inability to present credible or verifiable evidence which exonerates you from the charge, reasonably led the DHO to make a guilty finding.

In your appeal you claim the DHO declined used the information presented by your staff representative against you. Upon review, we note the Notice of a Hearing before the DHO form indicates you chose a Staff Representative. The form bears your signature indicating you invoked your right to a staff representative. Contrary to your claim, though you feel your staff representative presented adverse evidence, a staff representative is responsible for reporting a factual account of their observation or review. Your staff representative's statement and account of the video footage was presented to the DHO as evidence you did engage in the altercation.

You claim you did not receive written notice of the charge against you in a timely manner. Specifically, you allege staff became aware of the incident on September 14, 2019, but staff did not write the incident report until October 25, 2019. Upon review of the record, we note your incident report was written at the conclusion of a SIS Investigation. Reasons for conducting an investigation before writing an incident report are to ascertain if there is sufficient evidence or information to charge an inmate with misconduct, as well as to rule out, or rule in, potential suspects. Contrary to your belief, your incident report was issued to you in a timely manner as it was written and issued to you after the official investigation was completed.

Lastly, you claim UDC conducted an untimely review of your incident. The record indicates staff became aware of the incident on September 14, 2019, and your UDC review was held on October 27, 2019. Each inmate charged with misconduct is entitled to an initial hearing before the UDC, ordinarily held within five work days from the time staff became aware of the inmate's involvement in the incident. However, extensions may be granted beyond five work days with the Warden's approval. Though your hearing was delayed, the record contains a copy of an Advisement of Delay notice which was signed by the Warden authorizing a delayed

The allegations presented in your request for relief have been investigated and determined to be without merit. Therefore, your request for relief from the incident report and sanctions is denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

_2|18|20_ _____    _____
Date                        Gene Beasley, Regional Director

Continuation Page (Attachment) A8

I)

In accordance to P.S. 5270.09, "disciplinary action may not be capricious or retaliatory." Also, incident report is to be delivered within 24hrs. of incident, unless otherwise approved by the warden. In addition to other circumstances stated in Ali's written statement to DHO, this incident report is retaliatory and unwarranted. Additionally, while going before the DHO on another incident, the current incident's UDC and DHO was held at the same time. Also, Ali waived 24hr. notice before the DHO, staff rep and witnesses. However, this did not come until after the DHO and her secatary informed Ali that he is scheduled to transfer on the next bus out, and if he still wants staff Rep and his witnesses, which weren't available at the time, he won't leave on the transfer until the incident report is handled. Ali waived his due process so that it would not prolong his transfer. In any event, that information about his transfer was not true. Ali now asserts that the "transfer" tool was only used to handle both incident's at one DHO's hearing. Since Ali's DHO's hearing, two transfer buses left and Ali is still at atwater pending Redes.

II)

The greater weight of evidence was in favor of Ali. Had the DHO or any staff rep watched the video serveillance of incident alleged by staff, spoke to Ali's witnesses it would been clear as day to see that the staff who refused to move Ali's, were using retalitory tactics and after noticing he was moved, wrote an incident report alleging misconduct. This incident report was written only to surve as retaliatory purpose.

III)

The decision on sanction was also inappropriate for the prohibited act and other relevant circumstances. Not to forget the real issue:— this incident arose from inmate requesting help to be moved before incident actually occurred. (5) different sanctions under those circumstance is unreasonable. Ali has wrote to Regional and O.I.G. office relating to a complaint of staff placing his life in dangger, same staff who wrote the incident report at issue here, and or otherwise involved.

You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on November 4, 2019 in which you were found to have committed the prohibited acts of Interfering with Security Devices, Code 208, while designated at USP Atwater. You make various claims addressed below. For relief, you seek to have the incident expunged from your discipline record.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advanced written notice of the charges against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have a staff representative and to call witnesses. The record reflects you waived these rights. You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. The DHO Report reflects you waived your presence at the hearing. The DHO report clearly indicates the basis for the finding you committed the prohibited acts and explains the purpose of imposing the sanctions which are within policy.

In essence, you claim you are innocent. Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. It is apparent that the DHO found you guilty based on the greater weight of the evidence. Evidence weighed against you included the account of the reporting officer who observed and reported your misconduct. The DHO also relied upon the documentary evidence contained in the discipline packet. Such evidence supports the fact that on the said date and time, you held your arm outside of your food slot, impeding staff's ability to securing it. Furthermore, when given orders to remove your arm, you demanded another food tray and to see a lieutenant. This evidence, coupled by your decision not to present credible or verifiable exculpatory evidence which may have exonerated you from the charge, reasonably led the DHO to make a finding of guilt. Although you claim you should not be held accountable for this act and are innocent, you failed to present credible and verifiable evidence which exonerates you from the charge.

You claim staff should review video evidence as exculpatory evidence to exonerate you from the charges. There is no indication in the record that you requested or referred to the institution's video surveillance system as means to present exculpatory evidence. We also noted you did not complained of a lack of proper investigation during the hearing. Inmates are afforded the opportunity to present or request evidence for review or consideration at the UDC or DHO hearing, not during the appeal process. This is not the forum to request such action.

You claim staff filed an incident report in retaliation after you had previously refused orders, alleging staff misconduct. The Bureau of Prisons takes allegations of staff misconduct seriously and they are thoroughly investigated. However, you have provided no credible or verifiable evidence to support your claim that staff displayed such behavior.

You claim the DHO treated you unfairly and that he was predetermined to find you guilty. In order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO. Contrary to your claim, we found no evidence in the discipline packet which indicates the DHO was biased or evidence that would lead a person to believe the DHO was predetermined to find you guilty.

Lastly, you claim the DHO imposed invalid sanctions. Bureau of Prisons policy and the Code of Federal Regulations state that the DHO may direct that an inmate forego specific privileges (commissary, phone, visiting, etc.) for a specified period of time. There is no limitation in the foregoing concerning the duration of the loss of privilege. That remains at the discretion of the DHO. Policy also authorizes the DHO to direct that an inmate be placed or retained in Disciplinary Segregation (DS). Specific limits on time in DS are based on the severity scale. Since you were found guilty of committing a high severity offense, the DHO may sanction you to serve up to six months in DS. The DHO is authorized to suspend any of the aforementioned sanctions. In addition, policy states that VCCLEA inmates rated as violent and PLRA inmates will ordinarily be disallowed Good Conduct Time (GCT) for each prohibited act they are found to have committed at a DHO hearing. For Code 208, a minimum of 27 days of GCT is a required sanction. Since you were sentenced under PLRA, disallowing a minimum of 27 days of GCT is a valid sanction. In review of the imposed sanctions, we find no abuse of discretion in the imposition of these sanctions.

The allegations presented in your request for relief have been investigated and determined to be without merit. Thus, your request for relief from the discipline action or sanctions has been denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

2/18/20

Date

Gene Beasley, Regional Director

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __ALI HASSAN    S.__ __30380-057__ __H__ __USP Lee__
           LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.           UNIT           INSTITUTION

**Part A - REASON FOR APPEAL**

Ali appeals the DHO's finding which was in violation of Due Process and amongst other things. Region rejected Ali's appeal, but the regional denial for remedy was based on error and not on the facts and/or record. Thus for the reasons stated in regional appeal and "Attachment" herein, Ali respectfully request this office to correct all errors and grant remedy.

__3/04/2021__                                    _Hassan Ali_
         DATE                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAR 1 2 2021

Administrative Remedy Section
Federal Bureau of Prisons

_____                              _____
       DATE                                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: _____

**Part C - RECEIPT**
                                               CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                              _____
       DATE                                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                        PRINTED ON RECYCLED PAPER              BP-231(13)
                                                                     JUNE 2002



# Attachment (Remedy #1003937)

Regional response does not coincide with either the facts or the record, thus showing error in its conclusion. The response stated that the allegations presented in Ali's request for relief has "been investigated and determined to be without merit." This cannot be so. The response further states that Ali was given advance written notice of the charges against him "more" than 24 hours prior to his appearance before the DHO. But the record supports otherwise. Indeed the record show that Ali waived this right, but as stated in the request to region, that waiver came to play by way of wrong information and deception that Ali was leaving on the next transfer bus. The response also claimed "the DHO report reflects [Ali] waived [his] presence at the hearing", and "when given orders to remove [his] arm, [he] demanded another food tray and to see a lieutenant." And also that Ali did not "request or referred to the institution's video surveillance system as a means to present exculpatory evidence." However, the facts and the record don't support none of those claims. Based on the reasons stated in Regional appeal and herein, Ali's Due process rights were violated. Further, the extreme efforts Ali made to sustain the appeal process cry out for relief. Thus Ali request and pray for relief.

Yassar al

A12

Administrative Remedy No. 1003937-A4
Part B - Response

This is in response to your Central Office Administrative Remedy
appeal regarding your appeal of the Discipline Hearing Officer
(DHO) decision for incident report #3323453, in which you were
found to commit the prohibited act of Code 208, Interfering with
Security Devices.  You allege you were deceived into waiving
your rights to a 24 hour written notice of the charge before the
DHO hearing.  You further allege your request to review video
evidence was not considered.  For relief, you request the
incident report be expunged.

Our review of the disciplinary proceedings indicates compliance
with Program Statement 5270.09, Inmate Discipline Program.  The
DHO's decision was based upon the evidence detailed in Section V
of the DHO report.  We find the determination of the DHO is
reasonable and supported by the evidence.  Your Due Process
rights were upheld during the discipline process.  Other than
your general statement, there is no evidence to support your
allegation you were deceived into waiving your right to a 24
hour written notice of the charge before the DHO hearing.  In
addition, you never requested a review of video evidence at any
stage of the discipline process.  The sanctions imposed were
commensurate to the severity level of the offense committed and
in compliance with policy.

Accordingly, your appeal is denied.


5/10/21
_____                    _____
Date                                    Ian Connors, Administrator
                                        National Inmate Appeals

Exhibit

B1 - B20

BP-A0308
JAN 17

**ADMINISTRATIVE DETENTION ORDER**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

B1

ATWATER USP
Institution

Date/Time: 09-15-2019 08:28

TO: Special Housing Unit Officer

FROM: J ZARAGOZA, LIEUTENANT _____, (Name/Title)

SUBJECT : Placement of _____ ALI, HASSAN SHARIF _____, Reg. No. 30380-057, in Administrative Detention

___✓___ (a)  Is pending an investigation for a violation of Bureau regulations;

_____ (b)  Is pending an SIS investigation.

_____ (c)  Is pending investigation or trial for a criminal act;

_____ (d)  Is to be admitted to Administrative Detention

_____ (1)  Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____ (2)  Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded for an appropriate hearing by the SRO.

_____ (e)  Is pending transfer or is in holdover status during transfer.

_____ (f)  Is pending classification; or

_____ (g)  Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this Correctional Supervisor's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because* _____

Fight _____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on

(date / time) _____ 9-15-19 _____ 8:28 _____

Staff Witness Signature/Printed Name _____ A. VERNA _____ Date 9/15/19

Supervisor 24 hour review of placement: Signature/Printed name: _____

* In the case of DHO action, reference to that order is sufficient. In other cases, the Correctional supervisor will make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - ...nistrative Detention Unit; Copy – Psychology; Copy - Central File

PDF

Prescribed by P5270

(Replaces BP-A0308 of JAN 88.)

## ADVISEMENT OF INCIDENT REPORT DELAYS (S)



Inmate Name: **Ali, Hassan Sharif**   Register Number: **30380-057**   IRNO: **3320524**

IN ACCORDANCE WITH PROGRAM STATEMENT, 5270.09, INMATE DISCIPLINE AND SPECIAL HOUSING UNITS, ANY REASON(S) FOR AN INCIDENT REPORT DELAY WHICH WOULD RESULT IN THE OCCURRING OF THE UNIT DISCIPLINE COMMITTEE HEARING (UDC) BEYOND THE 5 WORK DAYS FOLLOWING THE TIME THAT STAFF BECAME AWARE OF THE INMATE'S INVOLVEMENT IN THE INCIDENT, THEN, THE DELAY SHOULD BE DOCUMENTED IN THE DISCIPLINE RECORD AND THE INMATE SHOULD BE ADVISED.

YOU ARE HEREBY NOTIFIED THAT YOUR UDC HEARING FOR THE CHARGE OF:

CODE 201

HAS BEEN DELAYED FOR THE FOLLOWING REASON (S).

<u>Due to an SIS investigation which concluded on 10/25/2019 the UDC was not able to be</u> <u>conducted within five business days.</u>

_R. Carrillo_   CSW       _10/25/19_
UDC Member Signature and Title       Date form completed

In accordance with Program Statement 5270.09, Inmate Discipline and Special Housing Units, you are hearby notified of a delay of your UDC hearing beyond **five working days**. The reason for the delay is explained above

         _10-25-19_

K. Bennett, Acting Warden       Date

Inmate was provided a copy of Advisement of Delay(s) forms on   _11/04/19_   by
         Date

_DHO Secretary_
Staff Signature and Title

cc:   Inmate Discipline Packet



BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**                                                                          **FEDERAL BUREAU OF PRISONS**

| Part I – Incident Report | | | |
|---|---|---|---|
| 1.   Institution:<br>USP ATWATER | | Incident Report Number: | |
| 2.   Inmate's Name:<br>Ali, Hassan | 3.  Register Number:<br>30380-057 | 4.  Date of Incident:<br>9-14-2019 | 5.  Time:<br>7:11 PM |
| 6.   Place of Incident:<br>2B | 7.  Assignment:<br>SHU UNASSIGNED | | 8.  Unit:<br>SHU |
| 9.   Incident:<br>Fighting | 10.  Prohibited Act Code(s):<br>201 | | |

11.   Description of Incident (Date: 10-25-2019_Time: 6:56 AM__Staff became aware of incident):

This incident report is written following an investigation regarding a physical altercation which occurred in Unit 2B in front of cell 107 and cell 108.   A review of the pre-recorded video surveillance revealed inmates Ali, Hassan Sharif, Reg. No. 30380-057 and Roberts, Davilan, Dwane, Reg. No. 17763-280 striking each other in a stabbing motion.   Inmate Ali was wearing a gray colored t-shirt, gray colored shorts, and black shoes.   Inmate Roberts was wearing a white t-shirt, khaki pants, black shoes, and had a dreadlock type hairstyle.   The duration of the altercation lasted approximately one minute.

Based on the evidence discovered during the investigation, a physical altercation did occur in the Unit 2B involving inmates Ali and Roberts. I positively identified inmates Ali and Roberts utilizing the pre-recorded video surveillance zoom in feature, BOPWare, and Sentry.

| 12.  Typed Name/Signature of Reporting Employee:<br>S. CHANTHAVONGSOR<br>SIS TECH | 13.  Date And Time:   10-25-2019 / 7:12 AM | |
|---|---|---|
| 14.  Incident Report Delivered to Above Inmate By:<br>(Type Name/Signature) | 15.  Date Incident Report Delivered:<br>10-25-19 | 8:33c |

17.  Comments of Inmate to Committee Regarding

| 18.  A.  It is the finding of the committee that you: | B. ☐  The Committee is referring the Charge(s) to the DHO for further Hearing |
|---|---|
| ☐ Committed the Prohibited Act as charged:<br>☐ Did not Commit a Prohibited Act.<br>☐ Committed Prohibited Act Code (s). _____ | C. ☐  The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19.  Committee Decision is Based on Specific Evidence as Follows;

20.  Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21.  Date and Time of Action:_____(The UDC Chairman=s signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

Chairman (Typed Name/Signature):                Member (Typed Name):                Member (Typed Name):

INSTRUCTIONS: All items outside of heavy rule are for staff use only.  Begin entries with the number 1 and work up.  Entries not completed will be voided by staff.
Distribute:  Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

ALES Written Statements TO DHO

B4

Inmate Statement:

I was not involved in a "physical altercation" with Davian Dwane Roberts-17763-280-, whose my close friend. The video surveillance reveals us "horse playing" in the open area of the dayroom, while both of the unit officers were present. As the incident report states "one minute" is a long time to be in a "physical altercation" - out in the open - when both unit officers are present. The security or orderly running of the institution was never interrupted, nor was there an emergency response activated by the unit officers. Based on the facts, we were "horse playing", and not actually fighting - as the Incident Report suggests.

Additionally, and according to the "lock-up order" LT. Zaragosa became aware of the alleged fighting incident the next day - 9/15/19 -, following up on an inmate reporting hotline tip. At that time both Roberts and I were placed in the S.H.U. pending investigation for fighting. The investigation concluded over a month later on 10/24/19. On 10/25/19 the Incident Report was written by investigating staff.

11/4

Conclusion:

Based upon the stated circumstances, facts, and staff's failure to comply with regulations

cont.

B5

On Inmate Discipline and Disciplinary Proced ures and Pursuant to P.S. 541.5 - This Incident Report is unwarranted and should be expunged from the record.

Inmate Request:

I am requesting to review any video surveillance and evidence against me that was discovered during this investigation. Pursuant to case law: Lennear v Wilson, U.S. App. LEXIS 25340 (4th Circuit, May 8, 2019), so that I can further prepare my defense

Inmate Witness:

Mr. Davian Dwane Roberts - #17763-280

Staff Rep. Request:

Mr. Rojas, Pychology

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution: USP Atwater | Incident Report Number: 3320524 |
| Name Of Inmate: ALI, Hassan | REG.NO.: 30380-057     Unit: 2B |
| Date of Incident Report: 10/25/2019 | Offense Code: 201 |

Date of Incident: 09/14/2019

Summary of Charges:
FIGHTING

**I.    NOTICE OF CHARGE(S)**

    A.  Advanced written notice of charge (copy of Incident Report) was given to inmate on
        (date)  10/25/2019  at (time)  0833  (by staff member)  Lt. D. Wildes

    B.  The DHO Hearing was held on (date)  11/04/2019  at (time)  1053

    C.  Inmate was advised of the rights before the DHO by (staff member)  R. Carrillo
        on (date)  10/27/2019  and a copy of the advisement of rights form is attached.

**II.   STAFF REPRESENTATIVE**

    A.  Inmate waived right to staff representative.  Yes ____  No ✓

    B.  Inmate requested staff representative and  Psychology Technician K. Kendall  appeared.

    C.  Staff Representative's Statement:
        "I observed inmate Ali making lunging attack moves towards his cell mate. Inmate Ali was the aggressor in this case.
        He kept lunging at his cellie, who was trying to get away with stabbing movements."

    D.  Requested staff representative declined or could not appear but inmate was advised of
        option to postpone hearing to obtain another staff representative with the result that:
        N/A

    E.  Staff representative  N/A  was appointed.

**III.  PRESENTATION OF EVIDENCE**

    A.  Inmate denies the charges(s).

    B.  Summary of Inmate Statement:
        The inmate chose to make his written statements his official statements before the DHO. In the written statements,
        the inmate denied the charge and provided exculpatory arguments.

    C.  Witnesses:

        1.  Inmate waived right to witnesses. Yes ____  No ✓

        2.  The following persons were called as witness at this hearing and appeared (Each
            witness name and statement listed below):
            N/A

        3.  The following persons requested were not called for the reason(s) given (Each witness
            name and statement listed below):
            Inmate ROBERTS, Davilan (Reg. No. 17763-280) was requested as a witness, but was not called to appear during
            the disciplinary hearing because this inmate's presence at the disciplinary hearing would have jeopardized
            institution security. Inmate ALI and ROBERTS have a CIM assignment of separation from each other due to this
            incident of fighting each other.

        4.  Unavailable witnesses were requested to submit written statements and those statements
            received were considered (Each witness name and statement listed below):
            N/A

    D.  Documentary Evidence: In addition to the Incident Report and Investigation, the DHO
        considered the following documents:
        SIS investigative report, Supporting memo, Evidence photos, Injury assessments, Chain of Custody log, Statements
        of the staff representative

    E.  Confidential information was used by DHO in support of his findings, but was not revealed

(B7)

to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

IV.    FINDINGS OF THE DHO

___✓___ A. The act was committed as charged.         _____ C. No prohibited act was committed:

_____ B. The following act was committed:

Expunge according to Inmate Discipline PS.

V.    SPECIFIC  EVIDENCE  RELIED  ON  TO  SUPPORT  FINDINGS  (Physical  evidence;  observations, written documents, etc.)

The DHO ensured the inmate understood his due process rights. The DHO confirmed the inmate received a copy of his incident report, DID want a staff representative, DID want to call a witness and DID have written statements to submit to the DHO. The inmate was prepared for the disciplinary hearing. The requested witness (Inmate ROBERTS, Davilan, Reg. No. 17763-280) was not called to appear during the disciplinary hearing because this inmate's presence at the disciplinary hearing would have jeopardized institution security. Inmate ALI and ROBERTS have a CIM assignment of separation from each other due to this incident of fighting each other. The staff representative (Psychology Technician K. Kendall) was present during the disciplinary hearing via telephone conference, as allowed by the Inmate Discipline Program.

There was a delay in the disciplinary process. The incident occurred on 09/14/2019, but the incident report was written on 10/25/2019, following to completion of the investigation of the incident by SIS. On 10/25/2019, the inmate was given a copy of the incident report, followed by the UDC hearing (on 10/27/2019). Due to the incident report having relied on an investigation of the incident, the UDC hearing was not conducted within five work days of the date of the incident. However, an Advisement of Delay was completed and signed by the Warden to ensure the inmate's due process rights were not violated. The inmate received a copy of the Advisement of Delay so that his due process rights would not be violated.

The DHO finds that inmate ALI, Hassan, Reg. No. 30380-057, committed the prohibited act of Fighting With Another Person (Code 201).

The DHO relied on the officer's written report as well as other documentary evidence; a supporting memo, evidence photos, injury assessment and a Chain of Custody log. The reporting officer's states; "This incident report is written following an investigation regarding a physical altercation which occurred in Unit 2B in front of cell 107 and cell 108. A review of the pre-recorded video surveillance revealed inmates Ali, Hassan Sharif, Reg: No. 30380-057 and Roberts, Davilan, Dwane, Reg. No. 17763-280 striking each other in a stabbing motion. Inmate Ali was wearing a gray colored t-shirt, gray colored shorts, and black shoes. Inmate Roberts was wearing a white t-shirt, khaki pants, black shoes, and had a dreadlock type hairstyle. The duration of the altercation lasted approximately one minute. Based on the evidence discovered during the investigation, a physical altercation did occur in the Unit 2B involving inmates Ali and and Roberts. I positively identified inmates Ali and Roberts utilizing the pre-recorded video surveillance zoom in feature, BOPWare, and Sentry."

An SIS investigative report is included as evidence, since the incident report relied on an investigation of the incident. The investigation began after staff (on 09/15/2019) received information of a fight that had occurred the previous day. During the investigation, SIS reviewed pre-recorded video surveillance and observed ROBERTS and ALI involved in a physical altercation on 09/14/2019, in Unit 2B. Both inmates were seen striking each other in a stabbing motion. The incident was unwitnessed by staff, until video review was conducted. After the video review, both inmates were escorted to the Lieutenants Office before being medically assessed. Both inmates had injuries consistent with being in a physical altercation. The SIS investigation concluded that ROBERTS and ALI fought with each other, and recommended that inmates receive an incident report for Fighting With Another Person (Code 201).

The supporting memo is from an SIS Technician who reviewed the NICE Vision surveillance video system for the incident that occurred. The memo provides a time line of what occurred during the incident. Video review showed that ALI initiated the physical altercation, but that both inmates became engaged in it. After approximately one minute, the inmates separated from each other and the altercation ended. That SIS Technician who reviewed video also completed a Chain of Custody form for the video, which was placed in the evidence safe to hold as evidence.

One of ALI'S evidence photos show him with what appears to be an injury to his forehead. One of ROBERTS' evidence photos show him with an injury to his left shoulder. ALI'S injury assessment notes that he sustained a superficial



laceration to his forehead. ROBERTS' injury assessment notes that he sustained an abrasion to his upper lip (with slight swelling) and a laceration to his left shoulder.

The DHO considered ALI'S two written statements that were presented during the disciplinary hearing. Inmate ALI chose to make his written statements his official statements before the DHO. In the first written statement, the inmate denied the charge. ALI claims that he and ROBERTS were "horse playing", while the unit officers were present. The DHO considered ALI'S argument that he and ROBERTS were "horse playing" but the video review (by both the reporting officer and the staff representative) showed that ALI was actively engaged in the physical altercation, which meets the elements of offense for Fighting (Code 201). Further, video review by the staff representative showed that ALI appeared to be the aggressor and that he was seen making lunging attacks toward ROBERTS. There are also injury assessments and photos which show that both inmates sustained injuries as a result of the fight with each other. ALI also claims the security and orderly running of the institution was never interrupted, nor was there an emergency response activated while they were "horse playing". The DHO considered this exculpatory statement by ALI that the security and orderly running of the institution was never interrupted, nor was there an emergency response activated while he was "horse playing" with ROBERTS. The DHO disagrees with this exculpatory argument and believes that the security and orderly running of the institution was in fact interrupted. Staff did not physically observe the altercation while it took place, but ALI'S and ROBERTS' actions of fighting each other clearly did jeopardize the security and orderly running of the institution. ALI and ROBERTS fighting with each other could have resulted in more serious injuries and/or could have caused other inmates to engage in the altercation. ALI also claims that staff became aware of the incident long before the incident report was written. The DHO considered this statement by ALI that staff became aware of the incident long before the incident was written. However, SIS staff did not solely base their findings on video review, but also other evidence (noted on the SIS investigative report) that an inmate is not privy to informed of. ALI also claims that the FBI rejected prosecution and the investigation concluded (over a month later) on 10/24/2019, which was followed by the incident report being written (on 10/25/2019). The incident report was written following the completion of the investigation, which was on 10/25/2019. ALI asks for the incident report to be expunged for the above reasons, but the DHO finds that the greater weight of the evidence clearly shows that ALI fought with ROBERTS and thus, finds no reason to expunge the incident report.

In the second written statement, ALI is requesting the review of video surveillance and evidence against him, pursuant to case law (Lenneary v. Wilson, U.S. App. LEXIS 25340, 4th Circuit, May 8, 201) so that he could further prepare his defense, as due process requires. ALI also had originally requested ROBERTS as a staff representative. ALI then chose to have Psychology Technician K. Kendall serve as his staff representative instead, after being advised that Drug Treatment Specialist Rojas could not serve as a staff representative due to being an Alternate DHO. ALI'S staff representative (Psychology Technician K. Kendall) observed video on the inmate's request and behalf. The video reviewed showed that ALI did in fact fight with ROBERTS and he was also identified as the aggressor in the incident. Therefore video review (via the staff representative) was conducted so that ALI could prepare his defense of the charge.

The staff representative (Psychology Technician K. Kendall) could not provide any exculpatory statements or evidence on ALI'S behalf. The staff representative statements actually supported the charge and were used as evidence against ALI. The staff representative (who reviewed video of the incident) stated, "I observed inmate Ali making lunging attack moves towards his cell mate. Inmate Ali was the aggressor in this case. He kept lunging at his cellie, who was trying to get away with stabbing movements.". The DHO noted that the staff representative erroneously thought that ALI and ROBERTS were cell mates. The staff representative confirmed that ALI and ROBERTS were involved in a fight with each other.

Based upon the greater weight of the evidence (the officer's written report, the SIS investigative report, the supporting memo, the Chain of Custody log, the evidence photos, the injury assessments and the video review by the staff representative) the DHO is convinced that inmate ALI, Hassan, Reg. No. 30380-057, committed the prohibited act of Fighting With Another Person (Code 201).

VI.  SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act)
DIS GCT 27 DAYS
DS 15 DAYS
DS 15 DAYS (SUSPENDED FOR 180 DAYS, WITH CLEAR CONDUCT)
LP COMM 90 DAYS
IMPOUND OF PERSONAL PROPERTY 30 DAYS
MON FINE $20.00 (LESS THAN 50% OF THE INMATE'S THEN CURRENT ACCOUNT BALANCE OF $69.07)

VII.  REASON FOR EACH SANCTION OR ACTION TAKEN

ALI, Hassan                    30380-057              3320524                    11/04/2019
PDF                                        Prescribed by P5270              Replaces BP-304 of MAR 16

CODE(s): 201- Fighting With Another Person



The action/behavior on the part of any inmate to become involved in a fight with any other inmate or person poses a threat to the health, safety and welfare of not only himself, but all other inmates and staff within the institution. In the past, fights between two individuals have expanded to include others which created a larger problem for staff to resolve. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

Program Statement 5270.09, Inmate Discipline, states that after careful consideration of all relevant factors, the DHO may impose a loss of privilege sanction not directly related to the offense, provided there is a belief that the imposed sanction is viewed as having a significant impact on the inmate's future behavior. The DHO believes that other sanctions will/ have been futile or have had insufficient impact on your behavior. Therefore, the DHO has imposed sanctions in an effort to deter your behavior.

The loss of privileges are punitive sanctions administered in an effort to impact and/or discourage any future disruptive behavior. These disciplinary sanctions administered are done so in proportion to the frequency and severity of the prohibited act code violation committed and are in compliance with guidelines set forth in P.S. 5270.09 Inmate Discipline.

VIII.   APPEAL RIGHTS    YES    The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| C. CERVANTES | | 11/22/19 |

DHO Report Delivered to Inmate by:

| Printed Name of Staff | Signature of Staff | Date and Time Delivered |
|---|---|---|
| | | 11/22/19 0800 |

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

B10

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **ALI   HASSAN  S.**          **30380-057**      **2-B**      **USP Atwater**
    LAST NAME, FIRST, MIDDLE INITIAL          REG.NO.          UNIT          INSTITUTION

Part A - REASON FOR APPEAL  ALi raises two issues ⊥ whether the UDC or DHO Substantially complied with regulations on inmate discipline? AND (II) Whether the DHO based its decision on facts ■ there was conflicting evidence, Whether the decision was based on the greater weight of the evidence ⊥ In accordance with P.S. 5270.09, the discipline process starts: When a staff Member witnesses or, as in this incident, reasonably believes an inmate has committed a prohibited act. An incident report will ordinarily be delivered to the inmate within 24hrs. of the time staff became aware of the inmate involvement in the incident. Here, staff reasonably became aware Ali committed a prohibited act on 9-15-19 when it received information of a fight that occurred the previous day and reviewed pre-recorded video surveillance. This is so because ALi's Administrative Detention order issued on 9-15-19 alleges "fighting". Yet, no incident report was written until 10-25-19. An Advisment of incident report Delays form was signed by UDC member and Acting warden on 10-25-19 stating reason... cont

cont

11-25-19
    DATE                                           SIGNATURE OF REQUESTER

Part B - RESPONSE

_____
    DATE                                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                  CASE NUMBER: _____

Part C - RECEIPT                                            CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL      REG NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
    DATE                                           SIGNATURE, RECIPIENT OF REGIONAL APPEAL

For delay as; Due to sis investigation, which concluded on 10/25/2019. The UDC was not able to be conducted within five business days. DHO says "Due

to incident report having relied on an investigation of incident, incident report was not intailly written when staff became aware of alleged "fight" on 9-15-19. And "the UDC hearing was not conducted within five work days of the date of incident." However, Had an incident report intailly been written, that report could have been suspended pending investigation or release from outside agency for Administrative processing in complience with Program statement. Based on the part of staff, for failing to comply with regulations, this incident report is unwarranted and should be expunged from the record.

**II.** In accordance with P.S. 5270.09, The DHO must give a copy of the investigation and other relevant materials to the inmate's staff representative for use on the inmate's behalf. Prior to the DHO's hearing, the staff representative will be available to help the inmate understand the incident report and potentail consequences. The staff representative may also assist the inmate by speaking with and scheduling witnesses, by obtaining written statement, and otherwise helping inmate prepare evidence for presentation at the DHO's hearing. Ali's staff representative failed by doing none of the above. Even worse, Ali's staff rep. gave a statement - after just reviewing video - against Ali, hurting him even more. Staff rep. never spoke with or obtain written statement from Ali's witness which would have supported Ali's statement of "horse play". In any event, Ali would have been better of proceeding without staff rep. and the hearing outcome would have been different. Further more, at the very least, Ali should have been guilty of prohibited act (220) "Demonstrating, practicing wrestling, or other forms of physical encounter" - for "horse playing". Any evidence of injurys was sustained after incident and between times until staff became informed of an incident. Based upon the stated circumstances, facts, and staff's failure to comply with P.S. 5270.09, this incident report should be expunged. At the very least, a new hearing is requested with new staff rep or without a staff rep. Lastly, DHO took no consideration to Ali being in the SHU 50 day before the hearing when imposing appropriate sanction. And received no credit for such lost days. Job lose, Property lose for going to SHU... etc

*Continuation Page (Attachment)*

B11



You are requesting administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on November 4, 2019, in which you were found to have committed the prohibited act of Fighting with another Person, Code 201, while designated at USP Atwater. You make various claims addressed below. For relief, you request the incident report be expunged from your record, your custody classification recalculated and for a transfer closer to your family.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advanced written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses. You invoked our right to a staff representative and there review of video footage was entered into the record with their statement at the hearing. You invoked your right to call witnesses; however, the DHO deemed the witness's presence would pose a significant safety and security concern. Your witness was directly involved and testimony included within the SIS report was considered in lieu of their presence. You were afforded the opportunity to make a statement to the DHO and present documentary evidence on your behalf. Your statement is reflected in the DHO report and your written statements were considered as documentary evidence by the DHO.

The DHO report clearly indicates the basis for the finding you committed the prohibited acts and explains the purpose of imposing the sanctions which are within policy.

Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make a decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. It is apparent that the DHO found you guilty based on the greater weight of the evidence. Evidence weighed against you included the account of the reporting officer statement, photographic evidence, medical assessments and other documentary evidence contained in the discipline packet. Such evidence supports the fact that on date, time and place in question, staff observed you engaged in a physical altercation with another inmate in the 2B housing unit. This evidence, coupled by your inability to present credible or verifiable evidence which exonerates you from the charge, reasonably led the DHO to make a guilty finding.

In your appeal you claim the DHO declined used the information presented by your staff representative against you. Upon review, we note the Notice of a Hearing before the DHO form indicates you chose a Staff Representative. The form bears your signature indicating you invoked your right to a staff representative. Contrary to your claim, though you feel your staff representative presented adverse evidence, a staff representative is responsible for reporting a factual account of their observation or review. Your staff representative's statement and account of the video footage was presented to the DHO as evidence you did engage in the altercation.

You claim you did not receive written notice of the charge against you in a timely manner. Specifically, you allege staff became aware of the incident on September 14, 2019, but staff did not write the incident report until October 25, 2019. Upon review of the record, we note your incident report was written at the conclusion of a SIS Investigation. Reasons for conducting an investigation before writing an incident report are to ascertain if there is sufficient evidence or information to charge an inmate with misconduct, as well as to rule out, or rule in, potential suspects. Contrary to your belief, your incident report was issued to you in a timely manner as it was written and issued to you after the official investigation was completed.

Lastly, you claim UDC conducted an untimely review of your incident. The record indicates staff became aware of the incident on September 14, 2019, and your UDC review was held on October 27, 2019. Each inmate charged with misconduct is entitled to an initial hearing before the UDC, ordinarily held within five work days from the time staff became aware of the inmate's involvement in the incident. However, extensions may be granted beyond five work days with the Warden's approval. Though your hearing was delayed, the record contains a copy of an Advisement of Delay notice which was signed by the Warden authorizing a delayed

The allegations presented in your request for relief have been investigated and determined to be without merit. Therefore, your request for relief from the incident report and sanctions is denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

2|18|20
_____                    _____
Date                                   Gene Beasley, Regional Director



U.S. Department of Justice

Federal Bureau of Prisons

*United States Penitentiary, Lee*

P.O. Box 900, Jonesville, Virginia 24263-0900

DATE:    June 10, 2021

TO:      Administrative Remedy Coordinator

FROM:    C. Kemmerer, Unit Manager

SUBJECT: ALI, HASSAN #30380-057


Inmate Ali, Hassan #30380-057 did not receive a response to the BP-10 (1003938-R1) he filed in the required timeframe. USP Lee contacted the appropriate region regarding this matter. The response to the BP-10 was received February 26, 2021.   If you have any questions pertaining to this issue, contact C. Kemmerer, Unit Manager, at (276)546-0150.

B14

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 20, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HASSAN SHARIF ALI, 30380-057
      LEE USP    UNT: H    QTR: H02-401L
      P.O. BOX 900
      JONESVILLE,  VA 24263

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1003938-A5     CENTRAL OFFICE APPEAL
DATE RECEIVED  : JUNE 22, 2021
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3320524

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 3: SEE REMARKS.

REMARKS        : PER MEMO, YOU REC'D BP-10 ON 02-26-2021, BUT DID NOT
                 FILE BP-11 UNTIL 06-22-2021 (4 MONTHS LATER). MEMO
                 MUST JUSTIFY THIS DELAY.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 24, 2021


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HASSAN SHARIF ALI, 30380-057
      LEE USP    UNT: H    QTR: H02-407L
      P.O. BOX 900
      JONESVILLE, VA 24263


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1003938-A4      CENTRAL OFFICE APPEAL
DATE RECEIVED  : APRIL 28, 2021
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3320524

REJECT REASON 1: YOUR APPEAL OF THE REJECTION IS UNTIMELY. RESUBMISSIONS ARE
                 DUE WITHIN: 5 DAYS (INSTITUTION); 10 DAYS (CCM OR REGIONAL
                 OFFICE); 15 DAYS (CENTRAL OFFICE). SUBMIT STAFF MEMO ON BOP
                 LETTERHEAD STATING REASON UNTIMELY FILING WASN'T YOUR FAULT.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 3: SEE REMARKS.

REMARKS        : A2 REJECTED 10/30/2020. PROVIDE STAFF VERIFICATION
                 FOR THE DELAY.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MARCH 23, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HASSAN SHARIF ALI, 30380-057
      LEE USP    UNT: H    QTR: H02-407U
      P.O. BOX 900
      JONESVILLE, VA 24263


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


      REMEDY ID.      : 1003938-A3    CENTRAL OFFICE APPEAL
      DATE RECEIVED   : MARCH 12, 2021
      SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
      SUBJECT 2       :
      INCIDENT RPT NO: 3320524

      REJECT REASON 1: YOUR APPEAL OF THE REJECTION IS UNTIMELY. RESUBMISSIONS ARE
                       DUE WITHIN: 5 DAYS (INSTITUTION); 10 DAYS (CCM OR REGIONAL
                       OFFICE); 15 DAYS (CENTRAL OFFICE). SUBMIT STAFF MEMO ON BOP
                       LETTERHEAD STATING REASON UNTIMELY FILING WASN'T YOUR FAULT.

      REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                       WAS NOT YOUR FAULT.

      REJECT REASON 3: SEE REMARKS.

      REMARKS         : A2 REJECTED 10/30/2020. PROVIDE STAFF VERIFICATION
                       FOR THE DELAY.



REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 30, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HASSAN SHARIF ALI, 30380-057
      LEE USP    UNT: H    QTR: H02-407L
      P.O. BOX 900
      JONESVILLE,  VA 24263

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1003938-A2     CENTRAL OFFICE APPEAL
DATE RECEIVED  : OCTOBER 13, 2020
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3320524

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL
                 (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.



REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 15, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : HASSAN SHARIF ALI, 30380-057
      LEE USP    UNT: H    QTR: H02-407L
      P.O. BOX 900
      JONESVILLE, VA 24263

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1003938-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED  : AUGUST 19, 2020
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3320524

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REMARKS        : REGIONAL RESPONSE DATED 02-18-2020.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

B19

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: ALI, HASSAN S.    30380-057    H    USP Lee
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

Ali appeals the DHO's finding which was in violation of his due process and among other things. Regional's denial for remedy was based on error. For the reasons stated in Regional appeal and herein Ali respectfully request Central office to correct errors and grant remedy. Please see Attachments.

6-11-2021
       DATE                  _Hassan al._      SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

JUN 2 2 2021

Administrative Remedy Section
Federal Bureau of Prisons

_____ DATE _____      GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C - RECEIPT**

     CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____ DATE _____      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN      PRINTED ON RECYCLED PAPER      BP-231(13)
                                           JUNE 2002

B20

# Attachment (Remedy #1003938)

Regional response does not coincide with either the facts or the record, thus showing error in its conclusion. The response states that the allegations presented in Ali's request for relief has "been investigated and determined to be without merit." This cannot be so. The response further states that "for relief, [Ali] requested..., [his] custody classification recalculated and for a transfer closer to [his] family." The facts or record don't support this. The response further states that Ali's "inability to present credible or verifiable evidence which exonerates [him] from the charges, reasonably led the DHO to make a guilty finding." This however undermines Ali's staff rep.'s failure to assist Ali by speaking with witness and otherwise helping him prepare evidence for presentation as Ali requested. Even worse, Ali never spoke or seen Staff Rep and staff rep didn't even appear in person at DHO hearing. And even though Ali sent cop-out to staff rep, staff rep never followed through and summerized her own account of facts after just viewing video sureillance with no audio and concluded incident to be an altercation rather than horseplay as was the case. It would make no sense to proceed with staff rep at DHO hearing knowing it would provide adverse evidence. Based on the reasons stated in regional appeal and herein, Ali's due process rights were violated. Further, the extreme efforts Ali made to sustain the appeal process cry out for relief. Thus Ali request and pray for relief.

Yassar ab